UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LABRAND JAY HOLT-SPENCER,

    Plaintiff,

    v.                                   CAUSE NO. 3:25-CV-202 DRL-SJF

RON NEAL *et al.*,

    Defendants.

## OPINION AND ORDER

LaBrand Jay Holt-Spencer, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.[1] To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Holt-Spencer is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Mr. Holt-Spencer previously indicated a desire to amend his complaint. The court set a deadline of April 11, 2025, for him to file an amended complaint and instructed him that if no amended complaint was filed by the deadline, the court would screen the original complaint. The deadline has passed, and no amended complaint was filed.

Mr. Holt-Spencer is an inmate at Indiana State Prison. He claims that between October 2024 and December 2024, there were multiple lockdowns in his cellhouse lasting from a few days to a few weeks. During the lockdowns, his only available drinking water was from a "toilet/sink spigot" in his cell. The water coming out of this spigot is allegedly "visually unsafe for human consumption," contains debris, and "smells of sewage and feces." He usually obtains water from a nearby drinking fountain, but during the lockdowns he could not leave his cell. Additionally, he claims the prison does not serve beverages with meals during lockdowns. Therefore, the dirty water in his cell was allegedly his only option.

He claims it is well-known within the prison that the water in his cellhouse is dirty and unsafe. Warden Ron Neal and Assistant Warden Dawn Buss allegedly instructed prison staff not to drink it and installed a water filtration system at each officers' station so staff can have clean drinking water. He claims these officials knew he had no access to clean drinking water during the lockdowns but did nothing to remedy the situation. He allegedly asked Officer Naz (first name unknown), who was working in his cellhouse during the lockdowns, for clean drinking water multiple times but Officer Naz did nothing to help him. He sues Warden Neal, Deputy Warden Buss, and Officer Naz for money damages and other relief.

Prisoners cannot be subjected to cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). An Eighth Amendment claim has both an objective and subjective component. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so

2

that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Id.*

Mr. Holt-Spencer satisfies the objective prong because the Eighth Amendment entitles inmates to adequate drinking water. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021); *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). Further, he claims the defendants were all personally aware of the problems with the water but did nothing to provide him with clean drinking water during the lockdowns. He has alleged enough to proceed on a claim for damages against the defendants under the Eighth Amendment.

His complaint can also be read to allege that he needs permanent injunctive relief to remedy the lack of clean drinking water during lockdowns, which occur with some frequency in his unit. Warden Neal has both the authority and the responsibility to ensure that inmates at his facility are provided with adequate drinking water in accordance with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Holt-Spencer will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for permanent injunctive relief to ensure he is provided with adequate drinking water.

He also invokes the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300f. This statute was enacted to "establish uniform standards for public water systems and to reduce contamination in drinking water." *Alatorre v. Holcomb*, No. 1:23-CV-00282-JPH-KMB, 2023 WL 3173899, 3 (S.D. Ind. May 1, 2023). The SDWA authorizes the federal government to compel compliance with clean water standards, 42 U.S.C. § 300g-3(b), and to impose civil penalties for non-compliance. *Id.* at § 300g-3(g). However, "[t]here is no private right of action for damages arising from a violation of the SDWA." *Alatorre*, 2023 WL 3173899, at 3. Therefore, Mr. Holt-Spencer cannot pursue a claim for damages under the SWDA.

A private party may seek injunctive relief under the SDWA in certain circumstances, but there are multiple notice requirements that must be complied with before a suit can be brought. 42 U.S.C. § 300j–8(a)-(e). There is no indication from the complaint that Mr. Holt-Spencer followed the complex notice procedures contained in the Act. Furthermore, Mr. Holt-Spencer is being granted leave to proceed against the Warden for injunctive relief necessary to obtain clean drinking water under the Eighth Amendment; another claim for injunctive relief directed at the same relief is unnecessary.

The court notes that it appears from the complaint Mr. Holt-Spencer may not have exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). He was not required to plead exhaustion, but he chose to include allegations regarding his use of the grievance process. He claims that during one of the lockdowns, he prepared an emergency grievance related to the dirty water and gave it to a staff member in his cellhouse. He claims he never heard anything further and did not follow up with anyone because, in his words, "[t]he emergency grievance policy does not describe what I was to

4

do when there was no action or response to my respective emergency grievances." (ECF 2 at 5.)

Judges here and in the Southern District of Indiana have rejected this argument in recent cases, concluding that inmates have an obligation under the Indiana Department of Correction grievance policy to follow up with the grievance specialist if they receive no response to an emergency grievance. *See Ridley v. Neal*, No. 3:24-CV-32-PPS-JEM, 2025 WL 1113401, 3 (N.D. Ind. Apr. 14, 2025) (inmate failed to exhaust where he took no steps to alert the grievance specialist after his emergency grievance was allegedly lost); *Brock v. Centurion Health of Indiana, LLC*, No. 1:22-CV-1734-SEB-CSW, 2024 WL 247272, 3 (S.D. Ind. Jan. 23, 2024) (inmate was required to notify the grievance specialist of the lack of response to his emergency grievance). Nevertheless, those cases were decided at summary judgment. Because exhaustion is an affirmative defense that the defendants have the burden of pleading and proving, *Jones v. Bock*, 549 U.S. 199, 216 (2007), the court concludes that the issue of exhaustion is more appropriately addressed at a later stage.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) in their personal capacity for money damages for failing to provide him with adequate drinking water during lockdowns occurring between October 2024 and December 2024 in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief related to the provision of adequate drinking water as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) at Indiana State Prison and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 29, 2025                                     *s/ Damon R. Leichty*
                                                 Judge, United States District Court