UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LaBRAND JAY HOLT-SPENCER,

    Plaintiff,

    v.                                                            CAUSE NO. 3:25cv202 DRL-SJF

RON NEAL *et al.*,

    Defendants.

<u>OPINION AND ORDER</u>

LaBrand Jay Holt-Spencer, a prisoner without a lawyer, is proceeding in this case on two claims: (1) "against Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) in their personal capacity for money damages for failing to provide him with adequate drinking water during lockdowns occurring between October 2024 and December 2024 in violation of the Eighth Amendment;" and (2) "against Warden Ron Neal in his official capacity for permanent injunctive relief related to his need for adequate drinking water during lockdowns as required by the Eighth Amendment[.]" ECF 9 at 5-6. The defendants filed a summary judgment motion, arguing Mr. Holt-Spencer didn't exhaust his available administrative remedies before filing this lawsuit. Mr. Holt-Spencer filed a response, and the defendants filed a reply. The summary judgment motion is now fully briefed and ready for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such

that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality

2

available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

During all relevant times, an Offender Grievance Process was in place at Indiana State Prison and available to Mr. Holt-Spencer. ECF 20-1 at 2, 5. The Offender Grievance Process required Mr. Holt-Spencer to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2; ECF 20-2 at 3. Regarding the first step, once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." ECF 20-2 at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

The Grievance Specialist attests that Mr. Holt-Spencer's grievance records show he never submitted any grievance complaining of inadequate drinking water before he filed this lawsuit. ECF 20-1 at 6-7. Rather, his grievance records show he successfully

submitted and exhausted numerous grievances at Indiana State Prison during the relevant time frame, but none of these grievances related to his claim he was being denied adequate drinking water. *Id.*; ECF 20-4.

In response, Mr. Holt-Spencer attests that, on October 3, 2024, he submitted a grievance complaining his drinking water was inadequate, but he never received any receipt or response from the grievance office. ECF 25-1 at 1. On October 28, 2024, Mr. Holt-Spencer completed a new grievance complaining of inadequate drinking water and gave it to a counselor to be turned in to the grievance office, but he again received no receipt or response from the grievance office. *Id.* He provides a copy of an emergency grievance dated October 28, 2024, which states: "I told Officer Naz that I had not had safe drinking water for a prolonged period of time, still Officer Naz did not accommodate me with safe drinking water." ECF 2-1 at 1. Mr. Holt-Spencer further attests that, after he received no receipt or response to his October 28 grievance, he submitted a "Request for Interview" form to the Grievance Specialist on November 20, 2024, which states: "I filed an emergency grievance on 10-28-24, the MCF grievance specialist prevented me from appealing by failing to respond or take any action on my respective emergency grievance." ECF 25-1 at 1-2; ECF 2-1 at 2. There is no indication in Mr. Holt-Spencer's grievance records that the grievance office ever received or responded to any of these documents. *See* ECF 20-4.

As discussed, an inmate who submits a grievance and does not receive a receipt or response from the grievance office within ten business days must "notify the Offender Grievance Specialist of that fact" and retain a copy of the notice. ECF 20-2 at 9. It is well

established that this "notice requirement" is a necessary step to exhaust a grievance. *See Lockett*, 937 F.3d at 1027 (even accepting as true that the inmate filed a grievance, he must provide evidence he contacted the Grievance Specialist when he received no response to his grievance); *Rambo v. Smiley*, No. 3:18cv740, 2020 WL 1157865, 4 (N.D. Ind. Mar. 10, 2020) (granting summary judgment to the defendant because the inmate did not provide evidence he notified the Grievance Specialist he did not receive a response to his grievance); *Ridley v. Neal*, No. 3:24cv32, 2024 WL 1113401, 3-4 (N.D. Ind. Apr. 14, 2025) (concluding the "notice requirement" applies to Emergency Grievances in the same manner as it applies to normal grievances.).

Mr. Holt-Spencer provides no evidence he complied with the "notice requirement" with regard to his October 3 grievance. The record thus shows Mr. Holt-Spencer had administrative remedies available to him with regard to his October 3 grievance that he did not exhaust before he filed this lawsuit. Mr. Holt-Spencer does, however, provide evidence he complied with the "notice requirement" with regard to his October 28 grievance, as he attests and provides evidence he sent a "Request for Interview" form to the Grievance Specialist notifying him of the lack of response to his October 28 grievance. ECF 2-1 at 2.

Here, the only question before this court is whether Mr. Holt-Spencer did in fact submit his (1) October 28 grievance form and (2) November 20 "Request for Interview" form to the grievance office. If Mr. Holt-Spencer *did* submit both of these documents to the grievance office, he exhausted all administrative remedies that were available to him, and the grievance office made any further remedy unavailable by failing to respond to

5

these documents. But if Mr. Holt-Spencer *did not* submit one or both of these documents to the grievance office, then he still had administrative remedies that were available to him at the time he filed this lawsuit.

In their reply, the defendants argue Mr. Holt-Spencer's assertion that he submitted these documents to the grievance office is not credible. They ask the court to take judicial notice of documents filed in two other pending lawsuits—*Kizer v. Neal*, No. 3:25cv508, and *Mackey v. Neal*, No. 3:25cv430. ECF 27 at 3. In both lawsuits, the plaintiffs provide the exact same grievance and "Request for Interview" form, in the exact same handwriting, as the forms Mr. Holt-Spencer provides and claims to have "completed" himself.

That may be so; but, based on the evidence in the record, there is a disputed material fact regarding whether Mr. Holt-Spencer in fact submitted his October 28 grievance and November 20 "Request for Interview" form to the grievance office. If Mr. Holt-Spencer is credible, and he submitted both of these documents to the grievance office, summary judgment must be denied. If Mr. Holt-Spencer is not credible, and he did not submit one or both of these documents to the grievance office, then the motion will be granted. Resolving this credibility dispute will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). And because the credibility dispute at issue in this case is related to the disputes in *Kizer v. Neal*, No. 3:25cv508, and *Mackey v. Neal*, No. 3:25cv430, the *Pavey* hearing held in this case will be scheduled and held in conjunction with the *Pavey* hearing held in those lawsuits.

For these reasons, the court REFERS this case to Magistrate Judge Scott J. Frankel to conduct an evidentiary hearing and to prepare a report and recommendation.

SO ORDERED.

July 23, 2026

_s/ Damon R. Leichty_
Judge, United States District Court